# EXHIBIT A

BRINEN & ASSOCIATES, LLC
Joshua D. Brinen
90 Broad Street, Second Floor
New York, New York 10004
(212) 330-8151 (Telephone)
(212) 227-0201 (Fax)
jbrinen@brinenlaw.com

Attorneys for Defendants Presidential Realty Corporation, First Capital Real Estate Trust Incorporated, Suneet Singal, Seventieth Street Asset Management LLC, and Serge Kasarda

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 08 2017

Sherri R. Carter, Executive Officer/Clerk
By Jenny Chea, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| PALISADES CAPITAL REALTY ADVISORS LLC, a California limited liability company, JOAQUIN CHARLES DE MONET, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PRESIDENTIAL REALTY CORPORATION, a Delaware corporation; FIRST CAPITAL REAL ESTATE TRUST INCORPORATED, a Maryland Corporation; SUNEET SINGAL, an individual; SEVENTIETH STREET ASSET MANAGEMENT LLC, a New York limited liability company; SERGE KASARDA, an individual, and DOES 1 through 20, inclusive,<br><br>Defendants. | **Case No.:** BC 657854<br>[Assigned for all purposes to the Hon. Barbara Scheper, Dept. 30]<br><br>**ANSWER OF DEFENDANTS PRESIDENTIAL REALTY CORPORATION, FIRST CAPITAL REAL ESTATE TRUST INCORPORATED, SUNEET SINGAL, SEVENTIETH STREET ASSET MANAGEMENT LLC, AND SERGE KASARDA TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Trial Date: |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendants Presidential Realty Corporation, First Capital Real Estate Trust Incorporated, Suneet Singal, Seventieth Street Asset Management LLC, and Serge Kasarda, ("Defendants"),

answer the unverified Complaint of Plaintiffs Palisades Capital Realty Advisors LLC and Joaquin Charles De Monet as follows:

## GENERAL DENIAL

Pursuant to § 431.30(d) of the California Code of Civil Procedure, Defendants hereby deny generally and specifically each and every allegation and cause of action in Plaintiffs' unverified Complaint. Defendants further deny that Plaintiffs are entitled to the relief sought in the Complaint, or to any relief whatsoever.

## SEPARATE AND AFFIRMATIVE DEFENSES

As separate and affirmative defenses, Defendants assert and allege as follows:

### First Affirmative Defense
### (Failure to State a Claim Upon Which Relief May be Granted - as to All Causes of Action)

1. Plaintiff's Complaint is barred, in whole or in part, in that it fails to state a claim upon which relief may be granted.

### Second Affirmative Defense
### (Unclean Hands - as to All Causes of Action)

2. The claims in the Complaint are barred, in whole or in part, by reason of Plaintiff's unclean hands.

### Third Affirmative Defense
### (Waiver - as to All Causes of Action)

3. Plaintiff's Complaint is barred, in whole or in part, by the equitable doctrine of waiver.

### Fourth Affirmative Defense
### (Estoppel - as to All Causes of Action)

4. The claims in the Complaint are barred, in whole or in part, by the equitable doctrine of waiver.

**Fifth Affirmative Defense**
**(Failure to Perform Conditions Under Contract - as to Causes of Action One through Four)**

5. The claims in the Complaint are barred, in whole or in part, by Plaintiffs' failure to perform the conditions under the Contract.

**Sixth Affirmative Defense**
**(Material Breach - as to Causes of Action One through Four)**

6. Plaintiffs are in breach of their contractual obligations.

**Seventh Affirmative Defense**
**(Failure to Mitigate - as to all Causes of Action)**

7. Plaintiffs' recovery should be barred or diminished by reason of Plaintiffs' failure to mitigate their alleged damages.

**Eighth Affirmative Defense**
**(Set-Off-as to all Causes of Action)**

8. Plaintiffs' recovery should be barred or diminished by reason of their breaches of contractual obligations.

**Ninth Affirmative Defense**
**(Faithless Servant Doctrine/Self-Dealing)**

9. Plaintiffs' recovery should be barred or diminished by reason of their acts of self-dealing and barred by their actions as faithless servants.

**Tenth Affirmative Defense**
**(Eventual Defenses Incorporated by Reference)**

10. Defendants hereby adopt and incorporate by this reference any and all other affirmative defenses they may eventually assert in this proceeding.

**First Counterclaim**
**(Violation of Federal Securities Law – §20(a) and §15 as against De Monet)**

11. Counterplaintiffs repeat, reallege, and incorporate by reference, as if fully set forth herein, the allegations of Paragraphs 1-10.

12. In Counterdefendants' own Complaint, Plaintiff alleged that Counterdefendant "Palisades is an international investment management and advisory firm." Complaint p. 4. No. 15.

13. In Counterdefendants' own Complaint, Counterdefendant further alleges that Counterdefendant Palisades is "owned and managed by [Plaintiff] De Monet." Complaint p. 4. No. 15.

14. In Counterdefendant's own Complaint, Counterdefendant further alleges that Counterdefendant is entitled to compensation for the "prepar[tion] of a Private Placement Memorandum regarding an offering for up to $100 million in preferred stock." Complaint p. 19, No. 113.

15. In Counterdefendant's own Complaint, Counterdefendant further alleges that Counterdefendant "provided services in connection with listing [Defendant] Presidential on a national exchange." Complaint p. 19, No. 113.

16. Counterdefendants did materially omit they were not a licensed broker-dealer with FINRA.

17. Counterdefendants did materially omit they were not a registered investment advisor with the Securities and Exchange Commission.

18. Counterdefendant made use of the mail and other means of interstate commerce including the wires and the Internet to effect a transaction or to induce or attempt to induce the purchase or sale of, any security of Counterplaintiff Presidential including a transaction by Counterplaintiff First Capital in violation of 15 U.S. Code § 78o - Registration and regulation of brokers and dealers.

19. As Counterdefendant Palisades is "owned and managed by [Plaintiff] De Monet." Complaint p 4., Plaintiff De Monet is a control person under 15 U.S. Code § 78t.

4
**ANSWER**

20. Counterplaintiffs suffered significant economic harm of the kind to be proven at trial.

21. Counterdefendants actions and misrepresentations are of the kind and nature that requires this Court to protect others similarly situated as Counterplaintiffs from Counterdefendants, and as such demonstrate the malicious acts of a company and the control person of the company such that this court should punish the Counterdefendants with punitive damages, the amount to be proven at trial.

## Second Counterclaim
## Breach of Contract between Defendant Palisades and Plaintiffs

22. Counterplaintiffs repeat, reallege, and incorporate by reference, as if fully set forth herein, the allegations of Paragraphs 1-21.

23. Counterdefendants allege that Counterdefendants and Counterplaintiff Presidential entered into a contract.

24. The alleged contract's material terms were that Counterplaintiff Presidential was to pay for Counterdefendants' work in the closing of the transaction. Counterdefendants' material terms were that Counterdefendants were to close the financing and transaction to make Counterplaintiff Presidential a company with a market capitalization of $1 billion dollars.

25. Further, the alleged agreement between Counterdefendant Palisades and Counterplaintiff Presidential specifically states that all expenses had to be pre-approved by Counterplaintiff Presidential before they were incurred.

26. Counterdefendant Palisades is now claiming that Counterplaintiff Presidential owes it expense reimbursements. None of these expenses were approved by Counterplaintiff Presidential.

27. Counterplaintiff Presidential performed all material terms of the contract that they were required to perform in that Counterplaintiff Presidential paid Three Hundred Thousand Dollars ($300,000.00) to Counterdefendants.

28. Counterdefendants breached the contract by failing to close the transaction that was defined as a material term of the alleged contract and failed to make Counterplaintiff Presidential a company with a market capitalization of $1 billion dollars.

29. Counterdefendants breached the contract by incurring expenses in contravention of the express terms of the alleged contract.

30. Counterdefendants breach caused damages to Counterplaintiff Presidential as Counterplaintiff Presidential did not receive the benefit of the bargain and suffered damages to be proven at trial.

### Third Counterclaim
### Breach of Implied Covenant of Good Faith and Fair Dealing

31. Counterplaintiffs repeat, reallege, and incorporate by reference, as if fully set forth herein, the allegations of Paragraphs 1-30.

32. Counterplaintiffs and Counterdefendants allegedly entered into a contract.

33. Counterdefendants had a responsibility to act in the best interests of Presidential as a consultant to the company. Counterdefendants had allegedly contracted that it was doing work for Counterplaintiff Presidential when it was really doing work on Counterdefendant's own behalf.

34. Counterdefendants prepared work and documentation and entered into engagement letters in Counterdefendants' name and for their own benefit with funds provided by Counterplaintiffs.

35. Counterdefendants' preparation of the work and documentation and entrance into engagement letters in Counterdefendants' name was done deliberately.

6
**ANSWER**

Case 2:17-cv-04293-MWF-AFM Document 1-1 Filed 06/09/17 Page 8 of 14 Page ID #:12

36. Counterdefendants sought to deprive Counterplaintiffs of the benefit of the contract.

37. Counterplaintiff Presidential did not receive the benefit of the bargain and suffered damages to be proven at trial.

### Fourth Counterclaim
### Misrepresentation – Status as a Broker-Dealer/Investment Advisor

38. Counterplaintiffs repeat, reallege, and incorporate by reference, as if fully set forth herein, the allegations of Paragraphs 1-37.

39. Counterdefendants did materially omit they were not a licensed broker-dealer with FINRA.

40. Counterdefendants did materially omit they were not a registered investment advisor with the Securities and Exchange Commission.

41. Counterdefendants knew they were not a licensed broker-dealer with FINRA.

42. Counterdefendants knew they were not a registered investment advisor with the Securities and Exchange Commission.

43. Counterdefendants touted their experience in the industry to the Counterplaintiffs in an effort to induce the Counterplaintiffs to enter into the contract.

44. Counterplaintiffs' reliance on Counterdefendants' omissions were justifiable.

45. Counterplaintiff suffered damages stemming from the misrepresentation to be proven at trial.

### Fifth Counterclaim
### Fraudulent Inducement to Contract with Presidential

46. Counterplaintiffs repeat, reallege, and incorporate by reference, as if fully set forth herein, the allegations of Paragraphs 1-45.

47. Counterplaintiffs and Counterdefendants allegedly entered into a contract.

7
**ANSWER**

48. Counterdefendants had detailed knowledge of financial issues at Counterplaintiff First Capital that could disrupt the completion of the proposed transaction when it entered into the consulting agreement with Counterplaintiff Presidential.

49. Counterdefendants omitted to reveal these facts to Counterplaintiff Presidential.

50. Counterdefendants knew these omitted facts were material to Counterplaintiff Presidential.

51. Counterdefendants knew that at the time of the omission, through the omission, Counterdefendants would induce Counterplaintiff Presidential to contract for the transaction.

52. Counterplaintiff Presidential relied on the false information to its detriment.

53. Counterplaintiff Presidential and its shareholders suffered damages to be proven at trial.

### Sixth Counterclaim
### Fraudulent Inducement to Contract for T-9 Project

54. Counterplaintiffs repeat, reallege, and incorporate by reference, as if fully set forth herein, the allegations of Paragraphs 1-53.

55. Counterplaintiffs and Counterdefendants allegedly entered into a contract.

56. Counterdefendants had specific discussions with the lender on the T-9 project and did not provide information to Presidential that it was at risk of immanent foreclosure.

57. Counterdefendants omitted to reveal these facts to Counterplaintiff Presidential.

58. Counterdefendants knew these omitted facts were material to Counterplaintiff Presidential.

59. Counterdefendants knew that at the time of the omission, through the omission, Counterdefendants would induce Counterplaintiff Presidential to enter into an agreement to purchase the T-9 asset based upon assurances that a restructuring could be worked out with the lender.

60. Counterplaintiff Presidential relied on the false information to its detriment.

61. After entering into the transaction, Counterplaintiff Presidential discovered that the situation was far worse than presented and that the lender had no intentions of pursuing a renegotiation of the loan, and consequently, Counterplaintiff Presidential and its shareholders suffered damages to be proven at trial.

## Seventh Counterclaim
## Conversion

62. Counterplaintiffs repeat, reallege, and incorporate by reference, as if fully set forth herein, the allegations of Paragraphs 1-61.

63. Counterplaintiff Presidential provided Counterdefendant Palisades with One Hundred Thousand Dollars ($100,000) for expenses and Two Hundred Thousand Dollars ($200,000) of consulting fees.

64. Counterdefendants were to provide work in exchange for the Three Hundred Thousand Dollars ($300,000).

65. Counterdefendants did not perform the work.

66. Counterdefendants exercised dominion and control over the Three Hundred Thousand Dollars ($300,000) and did not return the money which was not provided to or done in the interest of Presidential.

67. Counterdefendants have damaged Counterplaintiff Presidential in the amount of Three Hundred Thousand Dollars ($300,000).

## Eighth Counterclaim
## Breach of Contract between Defendant Palisades and Plaintiffs – Confidentiality Agreement and Noncircumvention

68. Counterplaintiffs repeat, reallege, and incorporate by reference, as if fully set forth herein, the allegations of Paragraphs 1-67.

69. Counterdefendants and Counterplaintiff entered into a Nondisclosure and Noncircumvention Agreement on February 13, 2017.

9
**ANSWER**

70. The Nondisclosure and Noncircumvention Agreement has a term of Twenty-Four (24) months.

71. Counterdefendants have communicated confidential information about Counterplaintiff Presidential's business plans and operations to third parties without Counterplaintiff Presidential's consent.

72. Counterdefendants have attempted to circumvent Counterplaintiff Presidential by using work product prepared on Counterplaintiff Presidential's behalf for its own business plans.

73. Counterdefendants breach caused damages to Counterplaintiff Presidential as Counterplaintiff Presidential did not receive the benefit of the bargain and suffered damages to be proven at trial.

## Ninth Counterclaim
**Breach of Contract between Defendant First Capital Real Estate Trust Incorporated and Plaintiffs – MOU**

74. Counterplaintiffs repeat, reallege, and incorporate by reference, as if fully set forth herein, the allegations of Paragraphs 1-73.

75. Counterdefendants and Counterplaintiff allegedly entered into a contract.

76. Counterplaintiff First Capital performed its obligations under the alleged contract.

77. Counterdefendants failed to perform insomuch as the Counterdefendants could not find commercially reasonable terms for the shareholders.

78. Further, Counterdefendants attempted to circumvent Counterplaintiff First Capital and attempted to obtain the T-9 property for itself under a distressed loan scenario.

79. Counterdefendants have attempted to circumvent Counterplaintiff First Capital by using work product prepared on Counterplaintiff First Capital's behalf for its own business plans.

80. Counterdefendants breach caused damages to Counterplaintiff First Capital as Counterplaintiff First Capital did not receive the benefit of the bargain, and, further,

Counterplaintiff First Capital was forced into a distressed situation requiring Counterplaintiff First Capital to obtain financing on less than desirable terms.

81. Counterdefendants breach caused damages to be proven at trial.

### Tenth Counterclaim
### Breach of Implied Covenant of Good Faith and Fair Dealing

82. Counterplaintiffs repeat, reallege, and incorporate by reference, as if fully set forth herein, the allegations of Paragraphs 1-81.

83. Counterplaintiffs and Counterdefendants allegedly entered into a contract.

84. Counterdefendants had a responsibility to act in the best interest of Counterplaintiff First Capital as a consultant to the company. Counterdefendants had allegedly contracted that it was doing work for Counterplaintiff First Capital when it was really doing work on Counterdefendant's own behalf.

85. Counterdefendants sought to deprive Counterplaintiffs of the benefit of the contract through failing to use commercially reasonable efforts to obtain the financing, and by circumventing Counterplaintiff First Capital and trying to contract with Evergreen.

86. Counterplaintiff First Capital did not receive the benefit of the bargain and suffered damages to be proven at trial.

### PRAYER

WHEREFORE, Defendants pray as follows:

1. That Plaintiffs take nothing by reason of the Complaint on file herein;
2. for judgment in favor of Defendants and against Plaintiffs on their causes of action in the Complaint;
3. for Defendants' cost of suit incurred herein; and
4. for such other relief as the Court may deem fair and equitable.

DATED: New York, New York
June 8, 2017

Respectfully,

_____
Joshua D. Brinen
Brinen & Associates, LLC
90 Broad Street, Second Floor
New York, New York 10004
(212) 330-8151 (Telephone)
(212) 227-0201 (Fax)
jbrinen@brinenlaw.com
Attorneys for Defendants Presidential Realty Corporation, First Capital Real Estate Trust Incorporated, Suneet Singal, Seventieth Street Asset Management LLC, and Serge Kasarda

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Brinen & Associates, LLC<br>JOSHUA D. BRINEN<br>90 BROAD STREET, SECOND FLOOR<br>NEW YORK, NEW YORK 10004<br>CA BAR NO. 264613<br>TELEPHONE NO.: 212-330-8151    FAX NO. (Optional): (212) 227-0201<br>E-MAIL ADDRESS (Optional): jbrinen@brinenlaw.com<br>ATTORNEY FOR (Name): all Defendants | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JUN 08 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Jenny Chea, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 600 South Commonwealth Ave.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, CA 90005<br>BRANCH NAME: Central District | |
| PETITIONER/PLAINTIFF: PALISADES CAPITAL REALTY ADVISORS LLC, a California LLC, JOAQUIN DE MONET<br>RESPONDENT/DEFENDANT: PRESIDENTIAL REALTY CORPORATION, a Delaware corporation; et. al. | |
| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>BC 657854 |

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   90 Broad Street, Second Floor, New York, New York 10004

3. On *(date):* June 8, 2017    I mailed from *(city and state):* New York, New York
   the following **documents** *(specify):*
   ANSWER OF DEFENDANTS PRESIDENTIAL REALTY CORPORATION, FIRST CAPITAL REAL ESTATE TRUST INCORPORATED, SUNEET SINGAL, SEVENTIETH STREET ASSET MANAGEMENT LLC, AND SERGE KASARDA TO PLAINTIFF'S UNVERIFIED COMPLAINT
   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☑ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: Eric J. Lorenzini, Attorney for the Plaintiff
   b. **Address** of person served:
      Elkins Kalt Weintraub Reuben Gartside LLP
      2049 Century Park East, Suite 2700
      Los Angeles, California 90067

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 8, 2017

Joshua D. Brinen
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)    ▶ *(signature)* (SIGNATURE OF PERSON COMPLETING THIS FORM)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>(Proof of Service) | Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov |