UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-17-04293-MWF (AFMx) | Date: September 12, 2017 |
| Title: Palisades Capital Realty Advisors, LLC, et al. -v.- Presidential Realty Corporation, et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE MOTION TO REMAND AND FOR ATTORNEY FEES [12]

Before the Court is Plaintiffs Palisades Capital Realty Advisors, LLC ("Palisades") and Joaquin Charles de Monet's Motion to Remand and For Attorney Fees (the "Motion"), filed July 10, 2017. (Docket No. 12). Defendants Presidential Realty Corporation ("Presidential"), First Capital Real Estate Trust Incorporated ("First Capital"), Suneet Singal, Seventieth Street Asset Management LLC ("Seventieth Street"), and Serge Kasarda filed their Opposition on July 17, 2017. (Docket No. 13). Plaintiffs filed their Reply on August 28, 2017. (Docket No. 16). The Court has read and considered the papers filed on the Motion and held a hearing on **September 11, 2017**.

For the reasons set forth below, the Motion is **GRANTED**. Lack of consideration is an affirmative defense to a claim for breach of contract, not an element, and thus the Court lacks subject matter jurisdiction over the action. In addition, the Motion was not timely filed. Although Defendants make a strong case for an award of their reasonable fees, the Court nonetheless chooses not to do so.

On April 14, 2017, Plaintiffs filed a Complaint alleging various claims under California Law in the Los Angeles County Superior Court. (*See generally* Complaint (Docket No. 3)). On May 9–10, the parties signed a stipulation reciting the following facts regarding service of the Complaint: First Capital was served on April 17, 2017,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-04293-MWF (AFMx)            Date:  September 12, 2017
Title:    Palisades Capital Realty Advisors, LLC, et al. -v.- Presidential Realty
          Corporation, et al.

and Presidential was served on April 18, 2017.  (Declaration of Eric J. Lorenzini ("Lorenzini Decl.") ¶ 3 (Docket No. 12-2), Ex. A ¶¶ 2–3).  The stipulation recites that the remaining Defendants were served on May 8, 2017.  (*Id.* ¶ 5).  On June 9, 2017, Defendants removed the action to this Court.  (Notice of Removal (Docket No. 1)).  Plaintiffs now contend that Defendants' removal was untimely and, furthermore, that the Court lacks subject matter jurisdiction over this action.  (Mot. at 6).

**Federal Question Jurisdiction**

Defendants contend that the Court has subject matter jurisdiction over this action because Plaintiffs' right to relief depends on whether Palisades is registered within the meaning of the Securities Exchange Act (the "Act"), 15 U.S.C. §§ 78a, *et seq.*  (Opp. at 3–4).  In Defendants' view, whether Plaintiffs' breach of contract claims were supported by adequate consideration depends on whether Palisades was lawfully registered as a broker-dealer under the Act.  Therefore, although the parties are not diverse, Defendants believe the Court has federal question jurisdiction over Plaintiffs' claims.

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-04293-MWF (AFMx)                Date:  September 12, 2017
Title:    Palisades Capital Realty Advisors, LLC, et al. -v.- Presidential Realty
          Corporation, et al.

matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

Defendants contend that Plaintiffs' claims for breach of contract arise under federal law. "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp. v. Rolland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (citation and internal quotation marks omitted). Importantly, there is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987).

Under California law, a claim for breach of contract has four elements: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Coles v. Glaser*, 2 Cal. App. 5th 384, 391, 205 Cal. Rptr. 3d 922 (2016) (quoting *Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1602, 1614, 126 Cal. Rptr. 3d 174(2011)). A lack of consideration sufficient to support formation of a contract is an affirmative defense. *See* Cal. Civ. Code § 1615 (placing burden to show a lack of consideration on the party seeking to invalidate the contract); *Fellom v. Adams*, 274 Cal. App. 2d 855, 863, 79 Cal. Rptr. 633 (1969) ("Where the illegality of a contract does not appear from the face of the complaint it becomes a matter of affirmative defense that must be specially pleaded. And in such case the burden of proof is on the defendant.").

Because Defendants' challenge to the contract is an affirmative defense, Defendants fail to meet their burden on removal to show that the Court has subject matter jurisdiction over their claims.

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-17-04293-MWF (AFMx)                 Date:  September 12, 2017
Title:    Palisades Capital Realty Advisors, LLC, et al. -v.- Presidential Realty Corporation, et al.

**Timeliness**

The absence of jurisdiction moots the issue of timeliness as such, but the Court must still consider timeliness because it bears on the reasonableness of the Motion, and thus sanctions. From the dates agreed upon in the stipulation, it is apparent the Notice of Removal was filed a day later than the statutory deadline. Despite their professed belief that California Code of Civil Procedure section 415.40 changed the date when service of process was complete as to Seventieth Street and Kasarda, counsel for Defendants signed a stipulation reciting, unambiguously, that attorney Joshua Brinen "accepted service of process on behalf of defendants Suneet Singal, Seventieth Street Asset Management LLC, and Serge Kasarda *on May 8, 2017*." (Lorenzini Decl., Ex. A ¶¶ 4–5) (emphasis added). Interpreting the clear terms of the stipulation to mean something different is not reasonable.

At the hearing, counsel for Defendants gave an explanation that did not establish the timeliness of the Motion, but did influence the Court in regard to fees.

**Attorneys' Fees**

Plaintiffs request attorneys' fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court may award attorneys' fees where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court acknowledges that, as argued by Plaintiffs in the briefing and at the hearing, the party seeking attorneys' fees need not show bad faith on the part of the removing party. *See id* at 138–39. However, despite the strength of Plaintiffs' arguments and the reasonableness of the requested fee amount, this Court declines to award attorneys' fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-17-04293-MWF (AFMx)          **Date:** September 12, 2017

Title:     Palisades Capital Realty Advisors, LLC, et al. -*v.*- Presidential Realty Corporation, et al.

     The Motion to Remand is **GRANTED.** The action is **REMANDED** the Los Angeles County Superior Court. The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment. *See* Local Rule 58-6.

     IT IS SO ORDERED.